UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAMEON KERK ALLEN**

     **Petitioner,**

**v.**                             **Case No.: 8:22-cv-728-CEH-AEP**
                                    **Crim. Case No. 8:19-cr-363-CEH-AEP**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

## ORDER

     Before the Court is Dameon Kerk Allen's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) and memorandum in support (Doc. 2). The United States filed a response in opposition, (doc. 4), and Allen filed a reply, (doc. 7). Allen is entitled to no relief because his claim lacks merit.[1]

## I.    Background & Procedural History

     Allen was charged in an indictment with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). (Cr-Doc. 81).[2] He went to trial and a jury found him guilty. (Cr-Doc. 64). Before Allen's sentencing, the United States Probation Office

---

[1]  The motion can be denied without the need for an evidentiary hearing, as no hearing is required when the record establishes that a Section 2255 claim lacks merit. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

[2]   References to filings in Allen's criminal case, Case No.: 8:19-cr-363-CEH-AEP are cited throughout this Order as "Cr-Doc. [document number]."

determined that Allen's total offense level (30) and criminal history category (II) produced an advisory Sentencing Guidelines range of 120 to 135 months' imprisonment. (Cr-Doc. 77, Presentence Investigation Report ("PSR"). ¶¶ 21, 26, 53). Allen objected to the offense conduct and lack of a reduction for acceptance of responsibility. (*See* PSR Addendum).

During sentencing, Allen advised this Court he had reviewed the PSR with his counsel and had no questions about it. (Cr-Doc. 112 at 4). Defense counsel argued that Allen's choice to go to trial and present an entrapment defense did not bar him from a reduction for acceptance of responsibility. (*Id.* at 6–14). Defense counsel repeated that Allen wished to preserve his factual-conduct objections for an appeal. (*Id.* at 5–6). This Court overruled the factual-conduct objection, but granted Allen a two-level reduction for acceptance of responsibility. (*Id.* at 20–23, 25). This Court sentenced Allen to 120 months' imprisonment—the mandatory minimum—which he appealed. (Cr-Docs. 81, 87).

On appeal, Allen argued this Court erred in denying his motion for a judgment of acquittal because the evidence was not enough to overcome an entrapment defense. *See United States v. Allen*, No. 20-10707, Appellant's Initial Brief, 2020 WL 659128, at *17 (11th Cir. 2020). (*See also* Doc. 4, Attachment A). The Eleventh Circuit determined that the evidence was sufficient to show "that Allen was predisposed to violate § 2422(b)." (Cr-Doc. 117 at 5). The court found that Allen had been told by the undercover FBI special agent he was speaking to a minor, but Allen continued to

2

pursue a sexual encounter. (*Id.* at 6). The Eleventh Circuit affirmed Allen's judgment of conviction. (*Id.* at 7).

Now, in his Section 2255 motion, Allen argues that his appellate counsel was ineffective for failing to timely inform him of his right to petition for a writ of certiorari with the Supreme Court. (*See generally* Doc. 1). The United States admits that Allen's motion was timely filed under 28 U.S.C. § 2255(f), (*see* doc. 4 at 4–5), but argues that his claim is meritless. This Court agrees with the United States.

## II.    Statement of Facts[3]

An undercover FBI special agent created a fictitious profile using the name "Maddie" on Skout, an online dating application. (Cr-Doc. 110 at 32–33). The profile showed that Maddie was 18 years old, the minimum age for an account to be created, but the agent used a picture of a female agent when she was about 14 years old. (*Id.* at 34, 40). Allen first contacted Maddie in July 2019. (*Id.* at 41–42). During their first conversation, the agent, posing as Maddie, told Allen that she was 14. (*Id.* at 43). Allen then asked for a full body photo, provided his cell phone number, and engaged in sexually explicit conversations. (*Id.* at 52–54, 57–58, 60–61).

The next day, Allen agreed to meet Maddie at a grocery store that afternoon. (*Id.* at 68–69). Allen called Maddie 20 minutes before their meeting time, but the undercover agent declined the call. (*Id.* at 72–74). Once Allen arrived at the grocery store, law enforcement arrested him. (*Id.* at 75, 125–26, 132–35, 139). To ensure that

---

[3]  This Statement of Facts derives from the trial testimony of Ethan Cumming, a Special Agent for the Federal Bureau of Investigation, who investigated Allen.

it was Allen who had spoken with "Maddie," the undercover agent called what turned out to be Allen's cell phone. (*Id.* at 73–74, 111, 140). In a post-*Miranda* interview, Allen admitted that he believed his arrest was due to his "back-and-forth texting" with Maddie. (*Id.* at 76).

## III.   Discussion

In his sole ground for relief, Allen claims that his appellate counsel performed deficiently by not timely advising Allen of his right to petition for a writ of certiorari with the Supreme Court after his judgment of conviction was affirmed by the Eleventh Circuit. (Doc. 1 at 4).

To succeed on an ineffective assistance of counsel claim, a petitioner must meet a stringent, two-prong test. First, the petitioner must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must prove resulting prejudice. *Id.* Strickland sets a "high bar" for ineffective assistance claims and surmounting it "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citation omitted). If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

When evaluating performance, this Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To

establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). The standard that the petitioner must meet is both "rigorous" and "highly demanding," and requires showing "gross incompetence" on counsel's part. *Kimmelman v. Morrison*, 477 U.S. 365, 381–82 (1986).

A petitioner establishes prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Ordinarily, an attorney who fails to file a direct appeal on behalf of a client who specifically requests it acts in a *per se* professionally unreasonable manner under *Strickland*. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). But "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." *See* Sup. Ct. R. 10. And a petition for a writ of certiorari is rarely granted unless a petitioner can show that their case "is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination" from the Supreme Court. *See* Sup. Ct. R. 11. There is no constitutional right to the assistance of counsel when seeking a writ of certiorari. *Ross v. Moffitt*, 417 U.S. 600, 616–17 (1974); *see also Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (same).

While the Eleventh Circuit has not yet determined whether appellate counsel may be considered ineffective for failing to advise a defendant of their right to petition

for a writ of certiorari, other circuits have. *See Sessions v. United States*, 416 F. App'x 867, 869 (11th Cir. 2011) (unpublished). Various circuits have rejected claims involving ineffective assistance for failing to inform about the possibility to petition for a writ of certiorari. *See, e.g., Pena v. United States*, 534 F. 3d 92, 95–96 (2d Cir. 2008) (failure to file or advise about the potential for a petition for a writ of certiorari is not a basis for habeas relief); *Steele v. United States*, 518 F. 3d 986, 988–89 (8th Cir. 2008) (holding that because there is no right to counsel when seeking a writ of certiorari there can be no ineffective assistance); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) (same); *see also United States v. Arechiga-Ramirez*, 370 F. App'x 784, 785 (9th Cir. 2010) (same) (unpublished).

Further, district courts within the Eleventh Circuit have held that defendants cannot raise a constitutional violation based on purported deficient performance because there is no constitutional right to counsel on discretionary review. *See Pierce v. United States*, No. 3:16cv989-WKW, 2020 WL 4229329, at *12–13 (M.D. Ala. Feb. 27, 2020); *Otano v. United States*, No. 2:17-cv-467-SPC-UAM, 2019 WL 279888, at *4–5 (M.D. Fla. Jan. 22, 2019); *United States v. McClain*, No. 4:08-cr-3-SPM-GRJ, 2012 WL 6814124, at *2 (N.D. Fla. Oct. 30, 2012).

The United States provided this Court with an Affidavit from Allen's appellate counsel wherein she states she reviewed the Eleventh Circuit's opinion affirming Allen's conviction and determined "there were not meritorious grounds to petition for writ of certiorari." (*See* Doc. 4, Attachment B, Affidavit of Meghan Ann Collins ("Collins Affidavit"), at 3). Ms. Collins states that, as part of her standard practice, she

sends a closing letter to her clients, explaining the appellate court's holding and "all options available[,]" which includes "petitioning the Supreme Court." (*Id.* at 3–4). She states she prepared this closing letter to Allen, advising him he could petition the Supreme Court, and she provides a copy of the letter with her Affidavit, but she has no proof that the letter was actually sent to Allen. (*Id.* at 3).

Ms. Collins avers that after the Eleventh Circuit issued its opinion, she spoke with Allen about "the possibility of filing" a section 2255 motion. (*Id.* at 4). She does not recall speaking with Allen about the option of filing a petition for writ of certiorari. (*Id.*). But, as noted in a letter sent by Adam Nate (Allen's trial counsel) that Ms. Collins attached to her Affidavit, Allen was informed before the commencement of his direct appeal, that while he "may" file a petition for a writ of certiorari if the Eleventh Circuit denied relief, it was not "a constitutional right to be heard by the Supreme Court." (*Id.* at 7).

Even if Allen could somehow prove deficient performance by his appellate counsel, he cannot prove prejudice. The prejudice prong requires Allen to show that, absent counsel's performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Allen fails to provide the required evidence that his case was "of such imperative public importance" that the Supreme Court would have heard his case and rendered a decision that would have changed the outcome of the proceedings. *See* Sup. Ct. R. 11. Ms. Collins determined in her professional opinion that there were no grounds to file a petition for a writ of certiorari. (*See* Collins Affidavit at 3). Counsel can only file a petition for certiorari when there are meritorious

7

grounds for relief. *Austin*, 513 U.S. at 8. Thus, because there were no meritorious grounds, counsel could not in good faith file a petition. *See, e.g., Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."). Ground One is denied as meritless.

## IV.   Conclusion

Allen's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED** on its merits. The Clerk is directed to enter judgment against Allen and to close this case. Further, the Clerk is directed to enter a copy of this order in the criminal action and to terminate the motion at docket entry 119 in the criminal action.

Allen is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linehan*, 279 F.3d 926, 935 (11th Cir. 2001). Because Allen fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 27th day of November, 2024.

Charlene Edwards Honeywell
United States District Judge

***Copies to:***
*Pro se* Petitioner
Counsel of Record